United States District Court
Southern District of Texas
**ENTERED**
November 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOLLOWAY LODGING (222 BENMAR) LLC and HOLLOWAY LODGING (16666 NORTHCHASE) LLC, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:22-CV-01745 |
| CUSHMAN & WAKEFIELD U.S., INC., | § § | |
| Defendant, | § § | |
| v. | § § | |
| ACE AMERICAN INSURANCE COMPANY, | § § § § | |
| Third-Party Defendant. | § | |

### ORDER ACCEPTING CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the October 11, 2024, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 56). Judge Bray made findings and conclusions and recommended that Cushman & Wakefield U.S., Inc.'s ("CWUS") Motion for Partial Summary Judgment Declaring Insurance Coverage, (Dkt. No. 52), against Third-Party Defendant ACE American Insurance Company ("ACE") be denied.

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On October 25, 2024, CWUS objected to the M&R. (Dkt. No. 57). First, CWUS contended that Judge Bray erred by ignoring

controlling law that required ACE to prove a material breach of contract. (*Id.* at 6–7). Second, CWUS argued that Judge Bray erred by misplacing the burden of proving a material breach. (*Id.* at 7–10). Third, CWUS asserted that ACE provided no evidence in support of its affirmative defense. (*Id.* at 10–11). Fourth, CWUS contended that Judge Bray erred in claiming that CWUS did not present undisputed evidence that ACE had received the expected benefit of the bargain. (*Id.* at 11–14). Fifth, CWUS argued that Judge Bray failed to consider Restatement § 241(a) in determining whether a material breach of contract has occurred. (*Id.* at 14–17). Sixth, CWUS objected to Judge Bray's interpretation of the policy. (*Id.* at 17–22). Finally, CWUS objected to Judge Bray's interpretation of specific caselaw. (Id. at 22–23). On November 8, 2024, ACE responded to CWUS's objections. (Dkt. No. 58).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objections have been made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. While the Court does not adopt the reasoning by Judge Bray, the Court agrees with the conclusion—that is, Cushman & Wakefield U.S., Inc.'s Motion for Partial Summary Judgment, (Dkt. No. 52), should be **DENIED**.

The Parties shall submit a Proposed Scheduling Order for all remaining unexpired dates no later than December 10, 2024.

It is SO ORDERED.

Signed on November 26, 2024.

                                                             **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**